IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**MICHAEL JOSEPH WESCHLER JR.** :
5783 Fringe Tree Court :
Frederick, MD 21703 :
 :
      Plaintiff, :
 :
 :
   v. :
 :
 : Case No.:
**THERESA DURHAM** :
100 Edison Park Drive, 3rd Floor :
Gaithersburg, MD 20878 :
 :
      Defendant :
**AND** :
 :
**MONTGOMERY COUNTY POLICE DEPARTMENT** :
100 Edison Park Drive, 3rd Floor :
Gaithersburg, MD 20878 :
      Defendant :

## COMPLAINT

**COMES NOW** Petitioner and Plaintiff, Michael Joseph Weschler Jr. (hereinafter "Mr. Weschler"), by and through counsel, hereby moves this Honorable Court for judgment in this civil action against Defendants, Theresa Durham and the Montgomery Police Department (hereinafter collectively "Defendants"), and in support thereof states as follows:

### Parties

1.    Plaintiff is a resident of Montgomery County, Maryland at the time of this action.

2.    Defendant, Theresa Durham, is employed with the Montgomery County Police Department, an organization or agency of Montgomery County. At all times pertinent hereto, Det. Durham was acting under the color of state law.

1

3. Defendant, Montgomery County Police Department, is an organization or agency of Montgomery County, Maryland.

## Jurisdiction & Venue

4. Jurisdiction is vested in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501 (West).

5. Jurisdiction is appropriate because of the Defendants' collective and independent contacts within the county, including Montgomery Police Department's Principal Place of Business.

6. Venue is proper because the cause of action arose in Montgomery County, Maryland.

## Statement of Facts

### A. BACKGROUND

7. Mr. Weschler had been a member of Alcoholics Anonymous (AA) for thirty-four (34) years before the incidents that gave rise to this action.

8. Mr. Weschler established a very strong reputation in the AA community, rising to a leadership position within the local Montgomery AA chapter.

9. Mr. Weschler befriended many people within the group without incident or controversy.

10. Approximately September of 2021 Jane Doe joined the Montgomery chapter as a new member.[1]

11. Ms. Doe reached out to Mr. Weschler on or about November 4, 2021, after midnight via text on google voice, a number that Mr. Weschler never personally gave Ms. Doe. Ms. Doe began a casual conversation via text before starting to speak sexually to Mr. Weschler.

12. Ms. Doe explicitly sought out BDSM -- a sexual practice often involving bondage and pain infliction -- with Mr. Weschler.

---

[1] Do to the explicit sexual nature of this action and the criminal action from which this action stems, "Jane Doe" is used in place of the new member's actual name.

2

13. Ms. Doe and Mr. Weschler began a consensual sexual relationship November 5, 2021. They have had sex approximately a dozen times between November 5, 2021, and December 23, 2021.

14. Ms. Doe asked Mr. Weschler via text message several times to initiate BDSM session and he replied that he would not without her consent. He told her that he would need a contract. The two never executed a contract but had intent to execute a contract to clarify the relationship.

15. On or about December 15, 2021, Ms. Doe and Mr. Weschler planned a sexual encounter via text message, but never executed the encounter or confirmed it through text message. Ms. Doe was not present in the state of Maryland during this day and Mr. Weschler attended an AA meeting in Rockville, MD.

16. On or about December 24, 2021, Ms. Doe and Mr. Weschler planned a sexual encounter via text message and executed the sexual encounter. This was the first and only time the two engaged in BDSM practice.

17. On or about December 27, 2021, Ms. Doe checked in to the Shady Grove Adventist Hospital for bruises sustained during the sexual encounter.

18. The hospital notified Montgomery County Police Department, and Detective Theresa Durham reported to the hospital to interview Ms. Doe.

**B. INSUFFICIENT INVESTIGATION**

19. On or about December 30, 2021, Det. Durham and an unidentified partner conducted a five-hour seizure and search of Mr. Weschler's home to investigate Ms. Doe's bruising. Mr. Weschler was detained during this search, but he not arrested.

20. Part of the search was recorded. Det. Durham could be heard saying "she never told me that," referring to her conversation with Ms. Doe.

3

21.     During the seizure, Detective Durham and her unidentified partner seized certain materials including Mr. Weschler's cell phone, which was never returned to him.

22.     The contents or data of the cellphone were never used in Det. Durham's investigation or the prosecution of Mr. Weschler.

23.     After Mr. Mr. Weschler's home was searched and his property seized, he contacted his attorney, Mr. Reginald W. Bours III.

24.     Neither Det. Durham or anyone affiliated with the Montgomery County Police Department spoke with either Mr. Weschler or Mr. Bours, between the search of the home on December 30, 2021, and the January 3, 2022.

25.     On January 3, 2022, Det. Durham and the Montgomery Police Department published a press release stating that a) Mr. Weschler had been arrested; and b) he invited a member in his local AA chapter to his home to help her with treatment and required acts of service.

26.     In fact, Mr. Weschler was not arrested. Detective Durham did not apply for an arrest warrant until the day after the press release on January 4, 2022, and Mr. Weschler thereafter turned himself in on January 5, 2022.

27.     Furthermore, the contents of Mr. Weschler's seized cellphone revealed that Mr. Weschler did not invite Ms. Doe to his home to help her with treatment and required acts of service. The contents of the cellphone revealed that the two had planned a consensual sexual encounter.

28.     After the press release, on January 3, 2022, Mr. Bours contacted Det. Durham to inform her that Mr. Weschler had not been arrested and that the evidence in her possession contradicts the press release. Mr. Bours requested that Det. Durham conduct a full investigation of the case and the seized cellphone before charges were made.

4

29.     Notwithstanding Det. Durham's conversation with Mr. Bours, she applied for, and was granted, an arrest warrant for Mr. Weschler the very next day on January 4, 2021.

30.     Mr. Weschler turned himself in on January 5, 2022, and was released on January 6th after a bond hearing.

31.     As a condition of his bond, at the request of Det. Theresa Durham, Mr. Weschler was prohibited from participating in person, or remotely, in meetings of Alcoholics Anonymous. This restriction remained in effect, with a single exception: a meeting Mr. Weschler was permitted to attend on March 13, 2022, when he celebrated his 35-year anniversary in AA at a Bethesda church.

32.     Mr. Weschler incurred legal and expert witness fees of more than $30,000 to prove that Ms. Doe had consented to every act that occurred between her and Mr. Weschler. That proof was contained in the very cellphone that Det. Durham seized on December 30, 2021, and had full access to from that date.

33.     Det. Durham pursued two rape charges against Mr. Weschler: one on December 15, 2021, a date which cellphone evidence reveals that the two never met; and the other on December 24, 2021, a date which cellphone evidence reveals a consensual encounter.

34. Det. Durham, Durham never took action to limit the damage to Mr. Weschler, or terminate the investigation, despite additional requests made to her early in the case, and despite the fact that Montgomery County Police Electronic Crimes Unit preserved and extracted all data on the seized cellphone by January 22, 2022, and submitted the data to her.

34.     Only after Assistant State's Attorney Ashley Inderfurth and her assistant went through the cellphone data in April 2022, it was determined that Mr. Weschler would not be prosecuted.

5

On April 26, 2022, ASA Inderfurth announced in open court that the State had decided not to prosecute any charge against Mr. Weschler for "insufficient evidence."

35. In the near-eight months since the charges were dropped, the Montgomery Police Department continues to post the January 3, 2022, press release which continues to defame Mr. Michael J. Weschler Jr.

36. Mr. Bours requested Det. Durham and ASA Inderfurth to retract the press release several times throughout the prosecution of this case.

37. Mr. Weschler was terminated from his job due to the defamatory press release.

38. Mr. Weschler has experienced extreme difficulty finding another job due to the defamatory press release.

39. Mr. Weschler's driver license was suspended due to the defamatory press release.

40. Mr. Weschler was unable to contribute to child support due to the defamatory press release.

41. Mr. Weschler faced reputational harm because of the defamatory press release.

42. Mr. Weschler was unable to seek treatment in participation in AA meetings because of the defamatory press release and because of Det. Durham's request that he be prohibited from participation.

43. Mr. Weschler has suffered severe emotional distress and mental anguish because of the defamatory press release and AA prohibition.

**COUNT I-Defamation**

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

45. Defendants published a press-release to third parties which falsely stated that Mr. Weschler had been arrested when he had not.

46. Defendants caused actual and proximate damages with Plaintiff's loss of job and income.

## COUNT II-Defamation

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

48. Defendants published a press-release to third parties which falsely stated that Mr. Weschler invited Ms. Doe to his home to help her with AA treatment and required acts of service. Defendants thereafter implied that Mr. Weschler used his position with AA to abuse members.

49. Defendants caused actual and proximate harm to Mr. Weschler's reputation in the community, reputation within AA, job security, and job prospects.

## COUNT III-Intentional Infliction of Emotional Distress

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

51. Defendants had exculpatory cell phone data evidence within their possession.

52. Defendants were informed that the press release was factually inaccurate.

53. Defendants acted with intent to publish the press release and continue to publish the press release to this day.

54. Defendants conduct was extreme and outrageous given that they were informed that they had contradicting evidence within their possession yet continued to publish the press release months after several requests to be retracted.

55. There is a strong connection between Defendants' conduct and Mr. Weschler's emotional distress.

56. Mr. Weschler's emotional distress is severe.

### COUNT IV-Violation of U.S. Constitution 14th Amendment Equal Protection

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

58. Plaintiff suffers from alcoholism and seeks treatment by participation in AA.

59. Defendants successfully sought to prohibit Plaintiff from participation in AA.

60. Defendants' conduct discriminated against Plaintiff's disability by prohibiting him from seeking treatment. Such a prohibition, by nature, does not exist for similarly situated people without this disability.

61. Because Defendants had in its possession but refuse to use exculpatory evidence, no legitimate state interest existed to bar Plaintiff from seeking treatment.

62. Plaintiff suffered actual harm because of Defendants' conduct to prevent him from seeking treatment.

### COUNT V-Violation of U.S. Constitution 1st Amendment Right to Association

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

64. Plaintiff suffers from alcoholism and seeks treatment by participation in AA.

65. Defendants successfully sought to prohibit Plaintiff from participation in AA.

66. Defendants' conduct discriminated against Plaintiff's disability by prohibiting him from seeking treatment. Such a prohibition, by nature, does not exist for similarly situated people without this disability.

67. Defendants unlawfully prevented Plaintiff from association with his AA chapter, in which he has been a member for decades.

68. Plaintiff suffered actual and proximate harm due to Defendants' discriminatory conduct.

### COUNT VI- Public Disclosure of Private Facts

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

70. Defendants' disclosure of Mr. Weschler's membership in AA in its press release is highly offensive to a reasonable person given the evidence in its possession contradicts the reason for its disclosure.

71. Defendants' disclosure is not a legitimate public concern.

72. As a result of the disclosure, Mr. Weschler suffers severe reputational harm.

### COUNT VII-Negligence

73. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

74. Defendants had a duty to use reasonable care when prosecuting and publishing the press release.

75. Defendants breached that reasonable care by publishing the defamatory press release when it had exculpatory evidence in its possession.

76. Defendants' breach of reasonable care led to Mr. Weschler's proximate and actual damages.

### COUNT VIII-Malicious Prosecution

77. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 and incorporates them by reference as if fully set out herein.

78. Defendants initiated and continued a criminal proceeding against Mr. Weschler.

79. The criminal proceeding was conducted without probable cause.

80. Because the Defendants continued the criminal proceeding with exculpatory evidence within its possession, it conducted the proceeding with malice.

81. The criminal proceeding was terminated in Mr. Weschler's favor.

82. Mr. Weschler suffered actual and proximate harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, and prays for the following relief:

A. Issue a declaratory judgment that Defendants' conduct as complained herein violated Plaintiff's constitutional rights;

B. Award reasonable and appropriate compensatory damages to Plaintiff, in an amount to be ascertained at trial, for Defendants' unlawful conduct described above;

C. Award exemplary and punitive damages to Plaintiff, in an amount to be ascertained at trial, to deter similar unlawful acts in the future;

D. Award Plaintiff's costs, expenses, and reasonable attorneys' fees; and

E. Award such other and further relief as this Court deems necessary and proper.

Dated: January 3, 2023

                                              Respectfully Submitted,

                                              /s/ Robert Baldwin III
                                              _____
                                              Robert Baldwin III, Esq., LL.M.
                                              (Bar # 1710050002)
                                              Virtue Law
                                              1250 Connecticut Ave, Suite 700
                                              Washington D.C., NW 20036
                                              T: (301) 821-6407
                                              Robert@virtuelawgroup.com
                                              *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 3rd day of January, 2023, a copy of the foregoing Complaint was served via email to chiefmcpd@montgomerycountymd.gov and sent first-class mail to Defendants Chief Marcus G. Jones, Montgomery County Police Department at 100 Edison Park Drive, 3rd Floor Gaithersburg, MD 20878.

Respectfully submitted,

_____
Robert Baldwin III, Esq., LL.M.
(Bar # 1710050002)
Virtue Law
1250 Connecticut Ave, Suite 700
Washington D.C., NW 20036
T: (301) 821-6407
Robert@virtuelawgroup.com
*Counsel for Plaintiff*